## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:19-CV-1282-B-BH |
| | ) | |
| PACIFIC SHORE PROPERTY | ) | |
| MANAGEMENT, INC., et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

By *Special Order No. 3-251*, this pro se case has been automatically referred for judicial screening. Before the Court is the *Plaintiff's Motion for Leave to File a Civil Rights Complaint in the Northern District of Texas*, filed May 29, 2019 (doc. 3). Based on the relevant filings and applicable law, the case should be **DISMISSED without prejudice** for improper venue.

### I. BACKGROUND

Cedric Greene (Plaintiff) has been declared a vexatious litigant by the United States District Court for the Central District of California, and he is barred from filing any complaint in that court unless he has filed a motion for leave to file a complaint that includes a copy of the recommendation and order imposing the filing restrictions and a copy of the proposed complaint, and a judge of that court has granted him leave to file the complaint. (*See* doc. 3 at 2);[1] *Greene v. Men's Central Jail*, No. 2:11-CV-2359-UA (C.D. Calif. May 10, 2011). On May 29, 2019, he sought leave to file suit in this district against Pacific Shore Property Management, Inc., and one of its employees (Defendants) for discrimination, fraudulent activity and misrepresentation, unlawful and illegal harassment, defamation of character and slander, and perjury relating to a matter before the Los

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Angeles Housing Community Investment Department and the California Enforcement Agency. (*Id.* at 3.)    On June 13, 2019, Plaintiff also filed a *Claim for Relief* in this case, in which he appears to seek to raise additional similar claims against Defendants as well as for criminal prosecution. (*See* doc. 7 at 2, 4, 6-7, 9-10, 11-12, 14-15, 17-18, 20-22.)

Plaintiff previously sued Defendants and asserted the same or similar claims, and his case was dismissed without prejudice for failing to cure deficiencies in his complaint.  *See Greene v. Gomez*, No. 1:19-CV-85-LTB (D. Colo. Mar. 5, 2019).  His appeal was dismissed because the statute he relied upon for jurisdiction did not provide a basis for subject matter jurisdiction, and because the district court lacked authority to grant the relief sought – compelling an investigation by the Colorado Attorney General into housing practices in California.  *See Greene v. Gomez*, No. 19-1097 (10th Cir. Apr. 4, 2019).  The Tenth Circuit noted that it had previously imposed filing restrictions on Plaintiff in *Greene v. Sprint Nextel Corp.*, 750 F. App'x 661 (10th Cir. 2018).

## II.  VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for the plaintiff's claims.  Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(West Supp. 2014).  Here, Plaintiff does not claim that any Defendants reside in the Northern District of Texas, or that any part of the events or omissions giving rise to his claims occurred here.  Defendants all appear to be located in Los Angeles, California, which is located

2

within the Western Division of the Central District of California.  *See* 28 U.S.C. § 84(c)(2).  All of the events upon which he bases his claims appeared to have occurred in that district.  There is no indication that venue lies in this district.

Section 1406(a) of Title 28 of the United States Code provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406.  Courts may transfer a case *sua sponte*.  *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987).  They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Here, it is not in the interest of justice to transfer this case to the Central District of California, where the case could have been brought, because Plaintiff has not complied with the filing restrictions that court has placed on him.  This case should therefore be dismissed instead of transferred.

## III.  RECOMMENDATION

This case should be **DISMISSED without prejudice** for improper venue.  Plaintiff should be warned that if he files additional suits in this court where venue is improper or where jurisdiction is lacking, he will be subject to sanctions that may include filing restrictions and monetary sanctions.

**SO RECOMMENDED**, this 17th day of June, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4