IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDRIC GREENE,              ) | |
|     Plaintiff,              ) | |
| vs.              ) | No. 3:19-CV-1282-B-BH |
|              ) | |
| PACIFIC SHORE PROPERTY              ) | |
| MANAGEMENT, INC., et al.,              ) | |
|     Defendants.              ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Before the Court is the *Plaintiff's Pro Se Motion to Reinstate or Refile Civil Case Matters*, filed August 3, 2020 (doc. 23). Based on the relevant filings and applicable law, the filing should be liberally construed as seeking relief under Fed. R. Civ. P. 60(b) and **DENIED**.

### I. BACKGROUND

Cedric Greene (Plaintiff) has been declared a vexatious litigant by several courts, and he is barred from filing any lawsuit unless he has filed a motion for leave to file a complaint that includes a copy of the recommendation and order imposing the filing restrictions and a copy of the proposed complaint, and a judge of that court has granted him leave to file the complaint. (*See* doc. 3 at 2);[2] *Greene v. Sprint Nextel Corp.,* 750 F. App'x 661, 666 n. 3 (10th Cir. 2018) (noting pre-filing restrictions in another circuit and four federal districts). On May 29, 2019, he sought leave to file suit in this district against Pacific Shore Property Management, Inc., and one of its employees (Defendants) for discrimination, fraudulent activity and misrepresentation, unlawful and illegal harassment, defamation of character and slander, and perjury relating to a matter before the Los Angeles Housing Community Investment Department and the California Enforcement Agency. (*Id.*

---

[1] By *Special Order No. 3-251*, this pro se case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

at 3.)  On June 13, 2019, Plaintiff also filed a *Claim for Relief* in this case, in which he appears to seek to raise additional similar claims against Defendants as well as for criminal prosecution.  (*See* doc. 7 at 2, 4, 6-7, 9-10, 11-12, 14-15, 17-18, 20-22.)

Plaintiff previously sued Defendants and asserted the same or similar claims against them, and his case was dismissed without prejudice for failing to cure deficiencies in his complaint.  *See Greene v. Gomez*, No. 1:19-CV-85-LTB (D. Colo. Mar. 5, 2019).  His appeal was dismissed because the statute he relied upon for jurisdiction did not provide a basis for subject matter jurisdiction, and because the district court lacked authority to grant the relief sought – compelling an investigation by the Colorado Attorney General into housing practices in California.  *See Greene v. Gomez*, No. 19-1097 (10th Cir. Apr. 4, 2019).  The Tenth Circuit noted that it had previously imposed filing restrictions on Plaintiff in *Greene*, 750 F. App'x 661.

By judgment entered July 8, 2019, this action was dismissed without prejudice for improper venue. (*See* docs. 9, 11, 12.)  Plaintiff appealed the judgment to the United States Court of Appeals for the Fifth Circuit, and it dismissed the appeal for want of prosecution on October 11, 2019.  (*See* docs. 13, 17.)  On May 19, 2020, Plaintiff moved to consolidate this closed case with another case that he subsequently filed in this district against Defendants, and the motion was denied on May 21, 2020.  (*See* docs. 18, 19.)  He appealed the order on June 9, 2020, the Fifth Circuit dismissed the appeal for lack of jurisdiction on July 14, 2020, and it denied his motion for reconsideration and change of venue on July 21, 2020. (*See* docs. 20, 21, 22.)  This motion to reinstate or re-file the case followed.  (*See* doc. 23.)

Plaintiff now contends that the merits of his case have not been addressed, that he can substantiate his claims, and that he does not wish to proceed in California due to "[t]he lack of

credible and resources" available to him in that venue. (*See id.* at 2-4, 8.) He has recently been sanctioned and barred from filing any action *in forma pauperis* in this Court. *See Greene v. United States Postal Service*, No. 3:20-cv-1172-E-BK (N.D. Tex. June 24, 2020), doc. 9.

## II. ANALYSIS

Plaintiff's request to reinstate his case may be liberally construed as a motion seeking relief under Federal Rule of Civil Procedure 60(b). *See Smith v. Texas Dep't of Criminal Justice, Institutional Div.* 79 F. App'x 61, 62, (5th Cir. 2003).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Rule 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered if relief is sought under subsections (1), (2), and (3). *See* Rule 60(c)(1).

Plaintiff's motion does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; that the judgment has been satisfied, released, or discharged, or is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable. It may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

As the Court has found, Defendants are located in California, and all of the events upon which this case is based occurred there, so venue is improper in this district. Plaintiff has previously sued Defendants in other states, and he is subject to pre-filing sanctions based on a pattern of duplicative, abusive and frivolous lawsuits. He has not alleged extraordinary circumstances such that denial of his Rule 60(b) motion would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 Fed.App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions). Nor would granting his motion be consistent with the considerations listed in *Seven Elves*.

4

Moreover, Plaintiff has now been sanctioned and barred from filing any action *in forma pauperis* in this Court. Allowing him to re-file this action would circumvent those sanctions. In addition to being subject to dismissal in this district for the same reasons that this case was dismissed, any new lawsuit against Defendants would also be subject to dismissal as duplicative and abusive. Leave to re-file this case should also be denied.

### III. RECOMMENDATION

Plaintiff's motion to reinstate his case should be construed as seeking relief under Fed. R. Civ. P. 60(b) and **DENIED**, and he should be denied leave to re-file his case based on the pending sanction orders.

**SO RECOMMENDED**, this 5th day of August, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE